A. A. MESSER v. BASSETT & ST. JOHN.

(No. 3382.)

APPEAL from Dallas County.    Opinion by DAVIDSON, J.

PAUL McCOMBS, counsel for appellant.

No counsel appeared for appellee.

§ 298. *Title to land; suit held not to involve.* Plaintiff alleges that on April 19, 1890, defendants sold to plaintiff for the sum of $400 certain lots of land in Dallas county, Texas; that at the time of said sale, and as part of same, defendants entered into a written contract with plaintiff, wherein they agreed within sixty days thereafter to sell said lots for plaintiff so as to net him the sum of $400 cash; and failing therein, that upon the reconveyance to them of said lots they would pay to plaintiff the said sum of $400, and ten per cent. attorney's fees in case of suit; and further alleging the breach of said contract by defendants. Plaintiff also alleges that he had, in compliance with the terms of said contract, delivered to defendants his special warranty deed to the said lots, duly executed and acknowledged, and thereupon demanded of defendants the sum of $400, which defendants refused to pay, to plaintiff's damage $500; and prayed for proper relief, and filed in said cause the said contract sued on, and his special warranty deed. Defendants answered by general demurrer and general denial; and, further answering, stated that they did sell lots to plaintiff for $400, and did execute said contract, as alleged, but that the consideration for the lots was not money, but a certain horse and buggy, which plaintiff valued at $400. That they had purchased said horse for use in the real-estate business, relying upon the false and fraudulent representations of plaintiff that "said horse was just what they desired and wanted, and in every way suited for the purpose for which these defendants

desired him," etc.    That upon trial soon after the horse
was found to be a stallion, and for that reason of no value
and useless to said defendants in their business and for
the purpose for which they purchased him; and that said
horse had on one occasion, by his indecent conduct upon
the approach of a mare, greatly mortified and chagrined
defendants in the presence of a lady, to their damage
$250.    That plaintiff had fraudulently concealed from de-
fendants the fact that said horse was a stallion.    That,
upon discovering that said horse was not suited to their
use, defendants so notified plaintiff, and tendered back
the said horse and buggy to plaintiff, which he refused
to receive; and that since which time defendants have
kept said horse at a cost to them of $12 per month, and
pleaded said $12 per month since April 9, 1890, in recon-
vention.    Defendants prayed that said contract be can-
celed, that plaintiff be compelled to reconvey said lots to
defendants, and accept back said horse and buggy, and
for damages, costs, etc.    The court sustained the general
demurrer, and rendered judgment for costs in behalf of
defendants.    This ruling of the court was based upon the
ground that the suit was one that involved title to land,
and therefore was beyond the jurisdiction of the county
court.    In this conception of the cause of action the court
was erroneous.    It was not a suit involving the title to
land, but was one for damages for a breach of contract.
Because the court erred in sustaining the general de-
murrer and rendering judgment against the appellant
for costs, the judgment is reversed and the cause re-
manded.

March 5, 1892.                    Reversed and remanded.